### A. J. EDWARDS V. THE STATE.

No. 3219. Decided February 22, 1905.

**Unlawfully Making Indecent Composition—Information—Proof.**

Where the information drawn under article 365, Penal Code, failed to allege how the statement presented to prosecutrix was manifestly designed to corrupt the morals of youth, and the evidence does not support a prosecution of this character, the judgment of conviction must be reversed and the case dismissed.

Appeal from the County Court of Clay. Tried below before Hon. S. A. Denny.

Appeal from a conviction of unlawfully making an indecent and obscene written composition; penalty, a fine of $50.

The opinion states the case.

*W. T. Allen* and *P. M. Stein,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was fined $50 upon conviction, under an information charging substantially, that he  *  *  *  "did then and there unlawfully make an indecent and obscene written composition, as follows: 'Stay with me after school. I have secured a powder through the mail that will make you safe.' Which said indecent and obscene written composition was then and there manifestly designed to corrupt the morals of youth, and was made and exhibited by the said A. J. Edwards in the following mode and manner to wit: the said A. J. Edwards did then and there write said composition on a piece of paper, and did then and there exhibit the same in person to Cora Wesner, etc." Article 365, Penal Code, provides: "If any person shall make, publish, or print any indecent and obscene print, picture or written composition, manifestly designed to corrupt the morals of youth,  *  *  *  he shall be fined not exceeding one hundred dollars." In our opinion there is nothing in the information showing that the statement presented to prosecutrix was manifestly designed to corrupt the morals of youth. It does not appear to have been presented to any one except prosecutrix, who was 21 years of age according to this record. She is not a youth in contemplation of this statute. It was not presented to any one else, but was immediately destroyed. In the first place, we do not think the information charges any offense; and second, the evidence does not support a prosecution of the character here sought to be instituted. Abendroth v. State, 34 Texas Crim. Rep., 335.

The judgment is accordingly reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*